UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DITECH FINANCIAL LLC,
*formerly known as Green Tree Servicing LLC*,

                Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                         **19 CV 977 (MKB)(LB)**

   -against-

GULTEN DURDU,

                Defendant.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff, Ditech Financial LLC, formerly known as Green Tree Servicing LLC, brings this diversity action against defendant Gulten Durdu, seeking to foreclose on a mortgage encumbering certain real property located at 78 Heston Road, Shirley, NY 11967 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. When defendant failed to respond to the complaint after being served with process, plaintiff requested and the Clerk of Court noted entry of defendant's default. ECF Nos. 9–10. Plaintiff now moves for a default judgment. ECF No. 11. The Honorable Margo K. Brodie referred plaintiff's instant motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). It is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part, and that plaintiff should be awarded damages and additional relief as set forth herein. Plaintiff should also be granted leave to supplement the record within fourteen days of this Report.

## BACKGROUND[1]

Around January 21, 2004, Durdu executed and delivered a promissory note ("Note"), endorsed in blank, to Countrywide Home Loans, Inc. in the principal amount of $224,000.00. ECF No. 1, Complaint ("Compl.") ¶ 6; ECF No. 1-3 at 3–4, 50. As security for payment of the Note, Durdu also executed a mortgage ("Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc., for the same amount, which was recorded with the Office of the Suffolk County Clerk ("County Clerk") on February 26, 2004. Compl. ¶ 7; ECF No. 1-3 at 5–21, 50.

Around June 9, 2004, Durdu executed a loan modification agreement, which was recorded with the County Clerk on January 6, 2005. Compl. ¶ 8, ECF No. 1-3 at 31–37. The modification corrected the address of the Property to 78 Heston Road, Shirley, NY 11967, which had been listed incorrectly on the Mortgage at the time of recording. ECF No. 1-3 at 8, 34, 50.

The Mortgage was assigned from MERS to Countrywide Home Loans, Inc. and recorded with the County Clerk on February 21, 2008. Compl. ¶ 9; ECF No. 1-3 at 22–26, 50. The Mortgage was then assigned from Countrywide Home Loans, Inc. to Green Tree Servicing LLC,[2] and recorded with the County Clerk on January 24, 2014. Compl. ¶ 10; ECF No. 1-3 at 27–30, 50.

On January 25, 2018, Durdu executed another loan modification agreement. Compl. ¶ 11; ECF No. 1-3 at 38–52. In relevant part, the modification reflected Durdu's new principal balance in the amount of $417,324.46, of which $125,197.34 was deferred and would not accrue interest.

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purposes of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

[2] Plaintiff is a limited liability company; one of its two members is Green Tree Servicing LLC. Compl. ¶ 2.

ECF No. 1-3 at 38, 40, 52. Furthermore, the annual interest rate on the $292,127.12 interest-bearing principal balance was reduced from 6.125% to 4.0%. Id. at 3, 40.

Plaintiff alleges that Durdu "failed to make payment[s] in accordance with the terms of the Note and Mortgage by not making the payment that was due on June 1, 2018 and subsequent payments." Compl. ¶ 12. Thus, pursuant to the Note and the Mortgage, defendant is in default and plaintiff may "require [defendant] to pay immediately the full amount of Principal which has not been paid and all interest[.]" ECF No. 1-3 at 4, 19–20, 43. Plaintiff alleges that Durdu owes $290,883.10 plus interest which began accruing on May 1, 2018, as well as the $125,197.34 deferred principal balance and other assessments. Compl. ¶ 13.

## PROCEDURAL HISTORY

Plaintiff commenced this foreclosure action against defendant on February 19, 2019. ECF No. 1. When defendant failed to respond to plaintiff's complaint after being properly served, plaintiff requested and the Clerk of Court noted entry of the defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF Nos. 9–10. Plaintiff now moves for a default judgment against defendant pursuant to Rule 55(b)(2). ECF No. 11; ECF No. 12, Plaintiff's Memorandum of Law in Support of Motion for Default Judgment. Plaintiff's motion attaches the CPLR §3012-b Certificate of Merit (which includes a copy of the Note, Mortgage, mortgage assignments, and loan modification agreements), ECF No. 13-2; an affidavit attaching copies of plaintiff's records as well as the notice and filing requirements set forth in RPAPL §§ 1304 and 1306 ("Bryant Aff."), ECF No. 13-6; a statement of damages, ECF No. 13-7; and a proposed Judgment of Foreclosure and Sale, ECF No. 13-8.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A plaintiff may then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). If a defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on plaintiff's motion. Id.

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Finkel, 970 F. Supp. 2d at 119. Even though the well-pleaded allegations are deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a

4

party in default does not admit conclusions of law." Id. (citation omitted). If the unchallenged facts establish defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

Under New York law, a plaintiff in a foreclosure action must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment" on the loan secured by the mortgage.[3] Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citations omitted); see also United States v. Leap, No. 11 CV 4822 (DRH)(WDW), 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.") (citations omitted).

Furthermore, a plaintiff must also demonstrate compliance with the notice and filing requirements of RPAPL §§ 1304 and 1306. N.Y. RPAPL § 1306(1) ("Each lender . . . shall file with the superintendent of financial services [the information set forth in RPAPL § 1306(2)] . . . as a condition precedent" to initiating any foreclosure proceeding); OneWest Bank, N.A. v. Simon, No. 14 CV 6622 (RJD), 2019 WL 1320275, at *11 (E.D.N.Y. Mar. 22, 2019) (Compliance with Section 1304 "is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.") (citation omitted).

---

[3] The instant Mortgage provides that "[t]his Security Instrument is governed by federal law and the law of New York State." ECF No. 1-3 at 18.

5

**DISCUSSION**

I.  **Liability**

Plaintiff's complaint and the attached exhibits establish that it is entitled to a default judgment. Plaintiff has filed the Note, the Mortgage, an unbroken chain of assignments to plaintiff, and defendant's default history to establish a *prima facie* case.[4] ECF Nos. 1-3, 7, 9–10. Plaintiff alleges that Durdu "failed to make payment[s] in accordance with the terms of the Note and Mortgage by not making the payment that was due on June 1, 2018 and subsequent payments." Compl. ¶ 12; Bryant Aff. at 2. Durdu's default triggered plaintiff's right to accelerate the loan to require full payment of the $290,883.10, the outstanding principal, with 4.0% annual interest, in addition to the $125,197.34 deferred principal balance and other disbursements. Compl. ¶ 13; Bryant Aff. at 2–3; ECF No. 1-3 at 4, 19–20, 38, 40, 43. Plaintiff has also complied with the pre-foreclosure notice and filing requirements of RPAPL §§ 1304 and 1306 requiring certain information to be sent to defendants and filed with the Superintendent of Financial Services.[5]

---

[4] "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident. . . . Holder status is established where the plaintiff possesses a note that . . . contains an indorsement in blank[.]" Eastern Sav. Bank, FSB v. Thompson, 631 Fed. Appx. 13, 15 (2d Cir. 2015) (summary order) (internal quotation marks and citations omitted). Here, plaintiff physically possesses the Note which was endorsed in blank, Bryant Aff. at 1; therefore plaintiff establishes that it is the "holder" of the Note for purposes of establishing its *prima facie* case.

[5] In CIT Bank N.A. v. Schiffman, the Second Circuit found a "lack of guidance" regarding RPAPL §§ 1304 and 1306 and certified two questions to the New York Court of Appeals. 948 F.3d 529, 535–37 (2d Cir. 2020). In foreclosure cases similar to the instant action, Courts have either stayed the case until the Court of Appeals answers the certified questions in Schiffman or granted the motion for default judgment and ordered the foreclosure and sale of the underlying property. Compare Miss Jones, LLC v. Viera, No. 18 CV 1398 (NGG)(SJB), 2020 WL 1527141 (E.D.N.Y. Mar. 31, 2020) (adopting recommendation to stay the case) with Windward Bora LLC v. Thompson, No. 18 CV 1811 (NGG)(RML), 2020 WL 1242828 (E.D.N.Y. Mar. 16, 2020) (adopting recommendation to grant default judgment, foreclosure, and sale of the underlying property); see also Wilmington PT Corp. v. Parker, No. 2:19 CV 2380 (DRH)(AKT), ECF No. 13 (E.D.N.Y. Apr. 8, 2020) (adopting recommendation to grant default judgment as to liability, but deferring damages until plaintiff supplements the record). Given the facts of this case, a stay is not necessary.

Bryant Aff. at 2, 125–35. Durdu has neither responded to the complaint nor rebutted plaintiff's *prima facie* showing that it is entitled to a default judgment. ECF No. 13-5.

Plaintiff requests that Thomas J. Stock, Esq., be appointed as referee "to sell the Property . . . in accordance with . . . RPAPL Article 13 [as outlined in the proposed Judgment of Foreclosure and Sale.]" Compl. at 3; ECF No. 13-8 at 2. The appointment of a referee should be allowed where the plaintiff has "established a *prima facie* case[.]" E. Sav. Bank, FSB v. Evancie, No. 13-CV-00878 (ADS)(WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014); see also Nationstar Mortg. LLC v. Fernandez, No. 17 CV 404, 2018 WL 3424452, at *1 (E.D.N.Y. Mar. 20, 2018) (appointing Thomas Stock, Esq. to be the referee in a similar context). Accordingly, I respectfully recommend that Thomas J. Stock, Esq. should be appointed to be the referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale. ECF No. 13-8.

## II.   Damages

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, 109 F.3d at 111). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other

documentary evidence to determine damages. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).

### a. Damages Due Under the Note

Plaintiff seeks damages due under the Note comprised of $290,883.10 for the unpaid principal balance; $15,864.41 for the interest on the principal balance at an annual rate of 4.0% from May 1, 2018 through September 12, 2019; $125,197.34[6] for the deferred principal balance; $18,629.86 for the escrow balance; $70,767.56 for tax disbursements; $13,380.00 for insurance disbursements; $195.00 for corporate advances; and $195.00 for the cost of property inspections. ECF No. 13-7; Bryant Aff. at 2–3. In support of its claim for damages, plaintiff submits an affidavit from Gerald D. Bryant Jr., Document Execution Representative who "[i]n the regular performance of [his] job functions, [is] familiar with business records maintained by [plaintiff] for the purpose of servicing mortgage loans[.]" Bryant Aff. at 1. Bryant affirms that he has "personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in plaintiff's record keeping systems." Id. Bryant's affidavit includes a breakdown of plaintiff's damages. Id. at 2–3. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and that judgment should be entered in plaintiff's favor in the amount set forth below.

### i. Unpaid Principal Balance

Plaintiff requests an unpaid principal balance of $290,883.10. ECF No. 13-7; Bryant Aff. at 2. Durdu initially agreed to pay $224,000.00 in principal. Compl. ¶ 7; ECF No. 1-3 at 8; Bryant Aff. at 1. Plaintiff then executed a loan modification agreement in which he agreed to pay

---

[6] Plaintiff's statement of damages lists the deferred principal balance as $125,197.40. ECF No. 13-7. However, the deferred principal balance is consistently listed as $125,197.**34** in the Bryant Affidavit and the second loan modification agreement. Bryant Aff. at 2; ECF No. 1-3 at 40, 52.

$417,324.46, of which $292,127.12 was designated as the interest-bearing new principal balance. Compl. ¶ 11; ECF No. 1-3 at 38, 40, 52. In the event of defendant's default, plaintiff may "require [defendant] to pay immediately the full amount of the Principal which has not been paid and all the interest that [defendant] owe[s] on the amount." ECF No. 1-3 at 4, 19–20, 43. Bryant affirms that as of September 12, 2019, defendant's outstanding principal balance was $290,883.10. Bryant Aff. at 2. Plaintiff's complaint and the supporting documents[7] establish that defendant failed to make payments on the unpaid principal balance after June 1, 2018. Compl. ¶ 12; Bryant Aff. at 18–119; see also Happy Homes, LLC v. Jenerette-Snead, No. 15 CV 1788 (MKB)(RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases where the mortgage and plaintiff's affidavit were sufficient to establish damages and cases where courts requested additional records); OneWest Bank, NA v. Raghunath, No. 14 CV 3310 (RJD)(MDG), 2015 WL 5772272, at *4 (E.D.N.Y. Sept. 8, 2015), adopted by, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (plaintiff's unopposed affidavits stating the amount of the unpaid principal were sufficient to establish damages); United States v. Watts, No. 13 CV 3211 (ADS)(WDW), 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014), adopted by, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014) (plaintiff's unopposed affidavit stating the outstanding principal, along with a declaration of regularity and review of "all relevant documents," was sufficient to establish damages). Therefore, the Court recommends that plaintiff should be awarded a judgment against Durdu in the amount of **$290,883.10** for the unpaid principal balance.

---

[7] Plaintiff attaches more than one hundred pages of defendant's "Mortgage Loan History." ECF No. 1-3 at 18–119. Although these documents are sufficient to establish defendant's unpaid principal balance, in the future, plaintiff is advised to clearly state how many payments defendant made prior to default and the dollar amounts paid so plaintiff's calculations can be verified efficiently.

### ii. Interest on the Unpaid Principal Balance

Plaintiff requests $15,864.41 in interest on the unpaid principal balance from May 1, 2018 through September 12, 2019. ECF No. 13-7; Bryant Aff. at 2. The second loan modification agreement provides that interest accrues on the unpaid principal balance at a rate of 4.0% per year. ECF No. 1-3 at 40. Applying the 4.0% annual interest rate to the unpaid principal balance of $290,883.10, interest accrues at $31.88 per day.[8] Compl. ¶ 13; ECF No. 13-8 at 1–2. There are 499 days between May 1, 2018 and September 12, 2019. Accordingly, I respectfully recommend that plaintiff should be awarded **$15,908.12** in interest from May 1, 2018 through September 12, 2019, plus additional interest at a rate of **$31.88 per day** from September 13, 2019 until the Court enters judgment.[9]

### iii. Deferred Principal Balance

Plaintiff seeks $125,197.34 as the deferred principal balance. ECF No. 13-7; Bryant Aff. at 2; ECF No. 1-3 at 40, 52. As part of the second loan modification agreement, plaintiff agreed to defer various amounts totaling $125,197.34. ECF No. 1-3 at 40. The modification provides that defendant "will not pay interest or make monthly payments on this amount[;]" however, in the event of defendant's default, plaintiff is immediately entitled to the deferred amount. Id. at 40, 43. Accordingly, the Court recommends that plaintiff should be awarded **$125,197.34** for the deferred principal balance.

---

[8] "Daily interest is calculated as follows: daily interest rate = (outstanding principal * interest rate per annum)/365 days." CIT Bank, N.A. v. Seeram, No. 16 CV 2608 (RRM)(LB), 2017 WL 8220204, at *5 n.11 (E.D.N.Y. Feb. 15, 2017), adopted by, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018) (citation omitted). Here, the daily interest rate is calculated as follows: ($290,883.10 * .04) / 365 = $31.88 per day.

[9] Although plaintiff correctly calculated the daily interest rate of $31.88, ECF No. 13-8 at 2, it incorrectly requests $15,864.41 in unpaid interest, ECF No. 13-7. The Court multiplied the $31.88 daily interest rate by the 499 days between May 1, 2018 and September 12, 2019 to conclude that plaintiff is entitled to $15,908.12 in unpaid interest.

### iv. Other Disbursements

Plaintiff also seeks to recover $18,629.86 in escrow advances, $70,767.56 in tax disbursements, $13,380.00 in hazard insurance disbursements, $195.00 in corporate advance disbursements, and $195.00 in property inspection disbursements. ECF No. 13-7; Bryant Aff. at 2–3.

Durdu is liable to plaintiff for "taxes, assessments . . . and other similar charges[,]" "leasehold payments[,]" "premium[s] for any and all insurance[,]" "premium[s] for Mortgage Insurance[,]" as well as "all costs and disbursements and additional allowances allowed by [applicable laws]." ECF No. 1-3 at 12–14, 19. Although plaintiff may be entitled to the amounts requested, it fails to properly support its requests. Bryant Aff. at 2–3. Plaintiff attaches numerous records which reference these disbursements, ECF No. 13-6 at 4–17, 120–22; however, the Court is unable to verify when these disbursements were made and the total amounts allegedly due to plaintiff. Therefore, plaintiff's request to recover $18,629.86 in escrow advances, $70,767.56 in tax disbursements, $13,380.00 in hazard insurance disbursements, $195.00 in corporate advance disbursements, and $195.00 in property inspection disbursements should be denied without prejudice. Cf. CIT Bank, N.A. v. Coombes, No. 17 CV 5871 (ADS)(SIL), 2019 WL 2516729, *5 (E.D.N.Y. May 23, 2019), adopted by, 2019 WL 2515367 (E.D.N.Y. June 18, 2019) (granting plaintiff $20,705.82 in escrow advances and $2,354.00 in property preservation, inspection, and appraisals based on a detailed ledger itemizing each expense and the "Payoff Chart evincing the total amount."). Plaintiff should be granted leave to supplement its request for these charges within fourteen days of this Report. Counsel shall produce detailed records itemizing these expenses and payments should plaintiff supplement its request.

### b. Attorney's Fees and Costs

Plaintiff seeks $1,045.00 in attorney's costs. ECF No. 13-7. Plaintiff is entitled to be reimbursed for "reasonable expenses in enforcing [the Mortgage] including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred[.]" ECF No. 1-3 at 18–19. Courts typically award those "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients[.]" Raghunath, 2015 WL 5772272, at *7.

Specifically, plaintiff requests $400.00 for filing the instant civil case; $275.00 for title searches pursuant to CPLR § 8301(a)(10); $105.00 for the cost of service of process; $220.00 for the clerk's fee for filing the Notice of Pendency pursuant to C.P.L.R. § 8018(d)(6); and $45.00 for a death certificate.[10] ECF No. 13-7. Plaintiff supports its request for the cost of the title searches and service of process, as well as the clerk's fee, with invoices. ECF No. 13-7 at 3–5. Furthermore, the Court may take judicial notice of the $400.00 civil case filing fee. Accordingly, plaintiff should be awarded **$1,000.00** for the cost of the title searches, service of process, the clerk's fee, and the civil case filing fee. See CIT Bank v. Elliot, No. 15 CV 4395 (JS)(ARL), 2019 WL 2436212, at *8 (E.D.N.Y. Feb. 5, 2019), adopted by, Electronic Order dated Mar. 8, 2019 (E.D.N.Y. Mar. 8, 2019) (awarding costs for the title searches, service of process, and the civil case filing fee). However, plaintiff's request for the remaining $45.00 for the death certificate should be denied with leave for plaintiff to supplement the request within fourteen days of this Report.

---

[10] Other than listing a death certificate as a cost, plaintiff gives no indication that defendant has died nor or any reason why a death certificate was required.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion for a default judgment against defendant Gulten Durdu should be granted in part and denied in part as follows: plaintiff should be awarded **$290,883.10** for the unpaid principal balance due on the Note; **$15,908.12** for the interest accrued on the Note from May 1, 2018 through September 12, 2019, as well as any additional interest that accrues from September 13, 2019 until the entry of judgment at a rate of **$31.88 per day**; **$125,197.34** for the deferred principal balance; and **$1,000.00** in costs.

Plaintiff's request for $18,629.86 in escrow advances, $70,767.56 in tax disbursements, $13,380.00 in hazard insurance disbursements, $195.00 in corporate advance disbursements, and $195.00 in property inspection disbursements, as well as an additional $45.00 in attorney's costs, should be denied without prejudice with leave to supplement the record within fourteen days of this Report.

I also recommend that the Court should order the foreclosure and sale of the instant Property located at 78 Heston Road, Shirley, NY 11967, and that Thomas J. Stock, Esq. should be appointed as the referee for the foreclosure and sale. Plaintiff is hereby ordered to serve a copy of this Report on defendant at defendant's last known address and to file proof of service with the Court forthwith.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 24, 2020
         Brooklyn, New York