UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DITECH FINANCIAL LLC,
*formerly known as Green Tree Servicing LLC*,

                Plaintiff,

      v.

GULTEN DURDU,

                Defendant.

**ORDER**
19-CV-977 (MKB) (LB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ditech Financial LLC, formerly known as Green Tree Servicing LLC, commenced the above-captioned action on February 19, 2019, against Defendant Gulten Durdu. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendant "failed to make payment[s] in accordance with the terms of the [n]ote and [m]ortgage" on the property located at 78 Heston Road, Shirley, New York (the "Property"), "by not making the payment that was due on June 1, 2018 and subsequent payments." (*Id.* ¶ 12.) On October 14, 2019, Plaintiff moved for a default judgment seeking a judgment of foreclosure and sale pursuant to section 1351 of the New York Real Property Action and Proceedings Law and related costs, fees, and expenses. (Def.'s Mot. for Default J. ("Def.'s Mot."), Docket Entry No. 11; Def.'s Mem. in Supp. of Def.'s Mot. 2, Docket Entry No. 12.) By Order dated October 15, 2019, the Court referred the motion for default judgment to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Oct. 15, 2019.)

      By report and recommendation dated August 24, 2020, Judge Bloom recommended that the Court grant in part and deny in part Plaintiff's motion for default judgment and appoint Thomas J. Stock, Esq., as the referee to conduct the sale of the Property under the terms set forth

in the proposed Judgment of Foreclosure and Sale (the "R&R"). (R&R 13, Docket Entry No. 15.)

For the reasons set forth below, the Court adopts the R&R and grants Plaintiff's motion for default judgment and request for a Judgment of Foreclosure and Sale and partial damages. The Court defers ruling on Plaintiff's motion for expenses related to escrow advances, hazard insurance disbursements, corporate advance disbursements, and property inspection disbursements and orders Plaintiff to submit supplemental records to establish damages owed by Defendant for these expenses within ninety days of the entry of judgment.

## I. Background

Judge Bloom found that an evidentiary hearing was not necessary and recommended that the Court award Plaintiff judgment in the amount of $290,883.10 for the unpaid principal, (R&R 8–9), "$15,908.12 in interest from May 1, 2018 through September 12, 2019, plus additional interest at a rate of $31.88 per day from September 13, 2019 until the Court enters judgment," (*id.* at 10), "$125,197.34 for the deferred principal balance," (*id.*), and "$1,000.00 for the cost of the title searches, service of process, the clerk's fee, and the civil case filing fee," (*id.* at 12). Judge Bloom further recommended that the Court deny without prejudice Plaintiff's request for escrow advances, hazard insurance disbursements, corporate advance disbursements, and property inspection disbursements, and that the Court grant Plaintiff leave to supplement its request by submitting detailed records itemizing these expenses. (*Id.* at 11.)

No party has objected to the R&R and the time for doing so has passed. On September 4, 2020, and again on October 2, 2020, Plaintiff moved for and the Court granted an extension of time to file supplemental records in support of its requests for escrow advances, hazard insurance disbursements, corporate advance disbursements, and property inspection disbursements.

(Mot. for Extension of Time to File Suppl. Papers, Docket Entry No. 16; Second Mot. for Extension of Time to File Suppl. Papers, Docket Entry No. 17.) Plaintiff has yet to submit the relevant information.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants Plaintiff's motion for default judgment and request for a Judgment of Foreclosure and Sale and partial damages and grants Plaintiff an additional ninety days from the date of this Order to supplement the record. The Court defers ruling on Plaintiff's motion for expenses for escrow advances, hazard insurance disbursements, corporate advance disbursements, and property inspection disbursements until Plaintiff submits the relevant records. If Plaintiff fails to submit the relevant records within ninety days or fails to move for an extension of time to do so, the Court will deny Plaintiff's motion to recover these expenses.

Dated: January 20, 2021
      Brooklyn, New York

                                       SO ORDERED:

                                       s/ MKB
                                       MARGO K. BRODIE
                                       United States District Judge